Matter of Kallop v Poserina (2025 NY Slip Op 07306)

Matter of Kallop v Poserina

2025 NY Slip Op 07306

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-12294
 (Docket Nos. V-11212-21, V-4214-23)

[*1]In the Matter of Christine M. Kallop, appellant,
vJames A. Poserina, respondent. (Proceeding No. 1.)
In the Matter of James A. Poserina, respondent,Christine M. Kallop, appellant. (Proceeding No. 2.)

Salvatore C. Adamo, New York, NY, for appellant.
Del Atwell, East Hampton, NY, for respondent.
Mary A. Toner, Central Islip, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated December 7, 2023. The order, after a hearing, granted the father's petition for sole legal and residential custody of the subject child, denied the mother's petition for sole legal and residential custody of the child, and directed that the mother's parental access schedule be determined "as mutually agreed by the parties."
ORDERED that the order is modified, on the law, by deleting the provision thereof directing that the mother's parental access schedule be determined "as mutually agreed by the parties;" as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to set forth, with all convenient speed, a schedule for the mother's parental access with the child; and it is further,
ORDERED that until a new parental access schedule is set, the provision directing that the mother's parental access schedule be determined "as mutually agreed by the parties" shall remain in full force and effect.
The parties, who married in 2017, have one child together, born in 2015. At some point after the father commenced an action for a divorce in 2020, the mother moved to Florida while the father remained in New York.
In September 2021, the mother commenced a proceeding for sole legal and residential custody of the child. On February 7, 2022, the Family Court awarded temporary custody of the child to the mother and granted the mother permission to temporarily relocate the child to Florida. The court awarded certain parental access to the father while the child resided with the mother in Florida. [*2]In March 2023, the father commenced a proceeding for sole legal and residential custody of the child. The child has been residing with the father since June 2023. The mother sought to relocate with the child to West Virginia. After a hearing, in an order dated December 7, 2023, the court granted the father's petition, denied the mother's petition, and directed that the mother's parental access schedule be determined "as mutually agreed by the parties." The mother appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Navarro v Clarke, 232 AD3d 797, 798 [internal quotation marks omitted]; see Matter of Acevedo v Cassidy, 236 AD3d 645, 646). "Where a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Miller v Perez, 232 AD3d 898, 899; see Matter of Mendoza v Riera, 232 AD3d 616, 618). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (Matter of Miller v Perez, 232 AD3d at 899; see Matter of Mendoza v Riera, 232 AD3d at 618). "Among the factors to be considered are the reasons for each party seeking or opposing relocation and the impact the move will have on the quantity and quality of the child's future contact with the noncustodial parent" (Matter of Miller v Perez, 232 AD3d at 899; see Matter of Mendoza v Riera, 232 AD3d at 617).
"Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Miller v Perez, 232 AD3d at 899 [internal quotation marks omitted]; see Matter of Steward v Okon, 238 AD3d 1055, 1057).
Viewing the totality of the circumstances, the Family Court's determination that it was in the best interests of the child to award sole legal and residential custody of the child to the father is supported by a sound and substantial basis in the record (see Matter of Acevedo v Cassidy, 236 AD3d at 647; Matter of Audrey B. v Shamica C., 226 AD3d 767, 768). Here, the record offered sound and substantial support for the determination that remaining in New York, as opposed to relocating to West Virginia, would serve the child's best interests. The child has a stable home environment with ample family support with the father in New York. Contrary to the mother's contention, the benefit of the child continuing to reside with her half-sister did not outweigh the remaining considerations, which favored awarding sole legal and residential custody of the child to the father (see Matter of Audrey B. v Shamica C., 226 AD3d at 768).
However, the Family Court should have set forth a specific parental access schedule (see Matter of Leva v Sokol, 240 AD3d 496, 498; Matter of Cornielle v Rosado, 231 AD3d 824, 827).
Accordingly, we remit the matter to the Family Court, Suffolk County, for a determination, with all convenient speed, of the mother's parental access schedule in accordance with the best interests of the child.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court